UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH E. SCOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>AARON BENEFIEL,<br>ARAMARK CORRECTIONAL SERVICE, LLC,<br>IND. DEPT. OF CORRECTIONS,<br>FOOD SERVICES DIRECT,<br><br>    Defendants. | No. 1:23-cv-02178-TWP-MG |

**Order Dismissing Complaint and Setting Deadline to Show Cause**

This matter is before the Court for screening of Plaintiff Kenneth Scott's ("Mr. Scott") Complaint. (Dkt. 1). Mr. Scott is incarcerated in the Indiana Department of Correction. He filed this 42 U.S.C. § 1983 action alleging that the defendants were deliberately indifferent to conditions in the prison kitchen at Pendleton Correctional Facility. Because he is incarcerated, the Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Scott sues three defendants: (1) the Indiana Department of Correction; (2) Aramark Correctional Service, LLC; and (3) Food Service Director Aaron Benefiel.

Mr. Scott worked in the kitchen at Pendleton Correctional Facility. On January 3, 2023, he slipped on some grits that had been spilled by another worker onto the kitchen floor. Mr. Scott fell and suffered injuries.

Mr. Scott blames a number of factors for his fall. First, the food holding tanks leaked water onto the kitchen floor. Mr. Scott told Mr. Benefiel of the problem, but Mr. Benefiel took no action to repair the tanks. Second, the Indiana Department of Correction required incarcerated workers to wear safety boots, which had slick bottoms. Third, Aramark fired employees for minor infractions, causing a worker shortage, so no one was available to clean up the spilled grits.

Mr. Scott seeks damages and injunctive relief.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

"Prisons are not required to provide a maximally safe environment, but they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (cleaned up). To state an Eighth Amendment claim based on unsafe conditions, a plaintiff must show that the defendant was deliberately indifferent to a known risk of serious harm. *Id.* "An official is deliberately indifferent

when he disregards a known condition that poses an excessive risk to inmate health or safety." *Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018) (cleaned up).

All claims for injunctive relief are **DISMISSED** as moot. Mr. Scott is no longer a kitchen employee and is no longer in custody at Pendleton Correctional Facility. *See* dkt. 10 at 1−2 (Mr. Scott asserting that he has been transferred to Wabash Valley Correctional Facility and is on idle status in the prison infirmary due to liver failure).

All damages claims against the Indiana Department of Correction are **DISMISSED** for failure to state a claim upon which relief may be granted. Because Mr. Scott seeks damages from state actors for alleged constitutional violations, he necessarily brings this suit under 42 U.S.C. § 1983. But the Indiana Department of Correction is a state agency and is therefore not a "person" subject to suit under § 1983. *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 391 (7th Cir. 2020).

Any claim against Mr. Benefiel is **DISMISSED** for failure to state a claim upon which relief may be granted. "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014). At most, Mr. Scott has alleged that Mr. Benefiel was on notice that food warming tanks were causing wet floors in the kitchen. That is not a sufficiently dangerous condition for an Eighth Amendment violation.

Mr. Scott's claim against Aramark is also **DISMISSED** for failure to state a claim upon which relief may be granted. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken

by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. Mr. Scott has not alleged facts from which the Court may infer deliberate indifference. Specifically, he has not alleged a basis for Aramark to know that the firing of workers for infractions created a slip-and-fall risk.

Because the Court has been unable to identify a viable claim for relief against any of the named defendants, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

Mr. Scott's complaint must be dismissed for the reasons set forth above. However, Mr. Scott shall have **through June 24, 2024**, to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**IT IS SO ORDERED.**

Date: 5/28/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH E. SCOTT
910421
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838